UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT POUNDS,

    Petitioner,

                                      Case No. 14-cv-12367
                                      Honorable Laurie J. Michelson
v.                                  Magistrate Judge Michael J. Hluchaniuk

CARMEN PALMER,

    Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION
FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Everett Pounds was convicted in the Wayne County Circuit Court of second-degree murder under § 750.317 of the Michigan Compiled Laws and, on May 18, 1993, sentenced to 50 to 75 years imprisonment. He is incarcerated at a Michigan correctional facility and has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1, Petition.) The petition presents a single claim: "Everett Pounds' sentence[] was imposed in violation of Fifth and Sixth Amendment rights as set for[th] in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151[,] 186 L. Ed. 2d 314 (2013)." (Petition at Pg ID 15.)

Petitioner acknowledges that this claim has not been exhausted, but he alleges that he is currently seeking relief in a successive motion for relief from judgment filed in the state trial court. (Petition at Pg ID 2, 4.) He therefore asks this Court to stay his petition while he completes exhaustion of his claim. (Petition at Pg ID 4.) He further asks the Court to not "make a merits determination of his *Alleyne* claim and its applicability to his sentences" until after the Michigan

Supreme Court rules on the issue. (*Id.*) But as explained further below, no matter what the state courts do, Petitioner's claim cannot be the basis for granting habeas relief under 28 U.S.C. § 2254 because it relies on a new rule of constitutional law created after his conviction became final and that cannot be applied retroactively to his conviction. His claim will therefore be summarily dismissed.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Petitioner's conviction became final on April 29, 1996, when the Michigan Supreme Court denied his application for leave to appeal following his appeal of right. His sole habeas claim is that the facts used to score his sentencing guideline range were not admitted nor proven to a fact-finder beyond a reasonable doubt, and therefore his sentence was imposed in violation of the Fifth and Sixth Amendments. (Petition at Pg ID 15–20.)

Claims such as these originate with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), both decided well after Petitioner's conviction became final. In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530

U.S. at 490. *Blakely* then clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

Michigan has an indeterminate sentencing scheme in which "[t]he maximum penalty is set by statute, but the minimum penalty is determined by the sentencing court and must fall within a mandated guidelines range." *Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010). The Sixth Circuit has held that this structure survived *Apprendi* and *Blakely*. *See id*. at 494–98; *Chontos v. Berghuis*, 585 F.3d 1000, 1001–1002 (6th Cir. 2009). But the Supreme Court recently extended *Apprendi* to mandatory minimum sentences. *See Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). Arguably, this decision might cast doubt on the validity of *Montes* and *Chontos*, and necessitate changes in Michigan sentencing law.

But even if *Alleyne* or a future decision by the Michigan Supreme Court extended the protections of *Apprendi* and *Blakely* to defendants sentenced under the Michigan Sentencing Guidelines, Petitioner still faces an insurmountable problem on federal habeas review: all of the Supreme Court decisions creating the protections were decided after Petitioner's conviction became final. A habeas petitioner generally may not rely on rules of law that were recognized after his conviction became final. *Teague v. Lane*, 489 U.S. 288 (1989). Under the "new rule" doctrine, new procedural rules do not apply retroactively to cases on collateral review unless they qualify as "watershed" rules implicating "the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990). The purpose of federal collateral review is to uphold final state court judgments that were valid when entered, not to be a "mechanism for the continuing reexamination of final judgments." *Sawyer v. Smith*, 497 U.S. 227, 234 (1990). The Supreme Court held that *Apprendi* did not announce a watershed rule

3

"without which the likelihood of an accurate conviction is seriously diminished," and therefore did not apply retroactively to cases on collateral review. *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). And the Sixth Circuit recently held that *Alleyne* is likewise not retroactively applicable because it announced a procedural rule that did not meet the high "watershed" standard. *In re Anthony Mazzio*, __ F.3d __, No. 13-2350, 2014 WL 2853722, at *3 (6th Cir. June 24, 2014).

Regardless of what the Michigan Supreme Court may hold, therefore, Petitioner will not be able to raise his claim in a federal habeas petition because his conviction became final before the Supreme Court created the new rules on which his claim relies. Accordingly, the petition is subject to summary dismissal, and the Court denies the petition for writ of habeas corpus and the request for a stay.

Before Petitioner may appeal this Court's dispositive decision, "a circuit justice or judge" must issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the Court has rejected Petitioner's habeas claim on the merits, to satisfy § 2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The Court denies Petitioner a certificate of appealability because the directly applicable, binding federal precedent discussed above would not permit a reasonable jurist to

resolve the petition differently. The Court also denies Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *See* 28 U.S.C. § 1915(e).

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED that Petitioner's request for a stay is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal in forma pauperis is DENIED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 10, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson